Ms. Marilyn D. Payne Director of Human Resources City of Bryant 210 S.W. 3rd Street Bryant, AR 72022
Dear Ms. Payne:
I am writing in response to your request, pursuant to A.C.A. §25-19-105(c)(3)(B), for my opinion on whether your decision under the Arkansas Freedom of Information Act ("FOIA"), concerning the release of certain disciplinary records is consistent with that Act. See A.C.A. §§ 25-19-101 to -109 (Repl. 2002) and (Supp. 2005). You have enclosed copies of disciplinary records pertaining to the suspension of a police officer, which you reportedly provided to the requester, as well as other records which were not released. You state that the requesting party disagrees with your decision "and argues that he should be entitled to see all disciplinary actions, even if they did not result in suspension or termination." You have requested my opinion concerning your compliance with the FOIA, specifically as to whether disciplinary and performance evaluation records should be released under the FOIA, even if they did not form the basis for a suspension or termination. As I interpret your request, you are only asking whether you are required to release all records relating to disciplinary actions in this instance.
RESPONSE
In my opinion, your decision is consistent with the following provision of the FOIA:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1) (Supp. 2005).
Records constituting "employee evaluation or job performance records"[1] are therefore disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
As you can see from the language emphasized above, the criteria for release of evaluation/job performance records are predicated as a threshold matter upon a "decision to suspend or terminate the employee. . . ." Id. Assuming that the records in question did not form a basis for any suspension or termination, then the decision not to release such records is consistent with the FOIA.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Although your proper identification of the requested records is not at issue in this opinion, I will note that this office has consistently interpreted the phrase "evaluation or job performance records" in its ordinary-language sense as referring to documents created by or at the behest of the employer in the evaluation of an employee's performance, including those relating to the quality of performance in a particular instance or instances, and those reflecting disciplinary action and the basis for such action. See Ops. Att'y Gen. Nos. 2006-092 and 2004-012 (and opinions noted therein). As I have previously observed regarding the rationale behind the § 25-19-105(c)(1) exemption, "[t]hat exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies." Op. Att'y Gen. 2006-038, citing J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT (mm Press, 4th ed. 2004), at 196.